IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:22-CR-00092 |
| v. | (Chief Judge Brann) |
| ALAN DORSEY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### OCTOBER 25, 2023

In 2022, Alan Dorsey was indicted for several offenses: as relevant here, the indictment includes one count of unlawful possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Three), and one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four).[1] With regard to Count Three, the indictment alleges that Dorsey has previously been convicted of a felony offense, thereby prohibiting him from possessing a such ammunition.[2] Records make clear that Dorsey has been convicted of multiple felonies, including a prior conviction for delivery or possession with the intent to deliver a controlled substance, in violation of 35 Pa. Stat. and Cons. Stat. § 780-113(a)(30).[3]

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 76-1 at 2.

Following the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*,[4] Dorsey filed a partial motion to dismiss, arguing that, in light of *Bruen*, Counts Three and Four must be dismissed.[5] The Government responds that these counts should not be dismissed, since both 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c) are constitutional as applied to Dorsey.[6]

The United States Supreme Court in in *Bruen* explained the proper legal test for courts to apply when determining whether a law violates the Second Amendment. That test involves primarily an historical analysis:

> when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."[7]

In circumstances where a law seeks to address a societal problem with no historical analogue, the Supreme Court stated that "analogical reasoning under the Second Amendment is neither a regulatory straightjacket nor a regulatory blank check."[8] In all circumstances, the Second Amendment "requires only that the

---

[4] 142 S. Ct. 2111 (2022)
[5] Docs. 69, 70.
[6] Doc. 42.
[7] *Bruen*, 142 S. Ct. at 2126.
[8] *Id.* at 2133.

government identify a well-established and representative historical *analogue*, not a historical *twin*. So even if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster."[9] Thus, when confronted with regulations "that were unimaginable at the founding," courts must reason "by analogy," which "requires a determination of whether the two regulations are relevantly similar" using "at least two metrics: how and why the regulations burden a law-abiding citizen's right to armed self-defense."[10]

Applying that test to individuals who have been convicted of drug trafficking offenses, this Court in *United States v. Reichenbach* observed that "'[i]llegal drug trafficking is a largely modern crime' with no direct historical analogue," and therefore the Court considered "varied analogues in analyzing whether § 922(g)(1) may properly bar drug traffickers from possessing firearms."[11] After examining this Nation's historical record, the Court determined that early American laws, "although somewhat disparate in their targets and impact, all share a common concern and throughline. They were all targeted at groups that lawmakers deemed dangerous and disruptive to society, and were aimed at protecting the public from violence and disorder."[12]

---

[9] *Id.*
[10] *Id.* at 2132-33.
[11] *United States v. Reichenbach*, No. 4:22-CR-00057, 2023 WL 5916467, at *6 (M.D. Pa. Sept. 11, 2023) (quoting *United States v. Alaniz*, 69 F.4th 1124, 1129 (9th Cir. 2023)).
[12] *Id.* at *7.

Applying those historical analogues to § 922(g)(1), as applied to individuals who have been convicted of felony drug trafficking offenses, this Court then examined "the question of 'how and why the regulations burden a law-abiding citizen's right to armed self-defense.'"[13] In assessing the "why" metric, the Court noted that early American laws "were targeted at groups that lawmakers deemed dangerous and disruptive, and the laws sought to protect the public from violence and disorder" and observed that, as applied to drug trafficking offenses, "lawmakers have made a reasoned decision that drug traffickers are dangerous and disruptive to society. Especially so given the well understood connection between drugs, firearms, and deadly violence, which the Supreme Court has described as a 'dangerous combination.'"[14] The why of early laws and modern laws therefore closely align.[15]

So too does the "how" metric: "modern society has, similar to the founding generation, decided that the only effective method of protecting the lives of its citizens is by preventing convicted drug traffickers from possessing firearms."[16] Given that both metrics closely align the Nation's early firearm regulations with § 922(g)(1) as applied to convicted drug traffickers, "the Court easily conclude[d] that those early American laws are sufficiently analogous to § 922(g)(1) as applied

---

[13]   *Id.* at *8 (quoting *Bruen*, 142 S. Ct. at 2132-33).
[14]   *Id.* (quoting *Muscarello v. United States*, 524 U.S. 125, 132 (1998)).
[15]   *Id.*
[16]   *Id.* at *8-9.

to drug traffickers," and any indictment based upon § 922(g)(1) "must stand."[17]

Because Dorsey has similarly been convicted of a felony drug trafficking offense—the very same offense of which Reichenbach had been convicted[18]—the reasoning applied in *Reichenbach* also applies here. Accordingly, the Court will not dismiss Count Three of the indictment.

As to Count Four, alleging that Dorsey possessed a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), that statute falls well outside the protection of the Second Amendment. As the Supreme Court has held, "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes."[19] There is no lawful purpose in possessing a firearm to further drug trafficking, and Dorsey's conduct does not implicate the Second Amendment. This is consistent with a recent unpublished opinion from the United States Court of Appeals for the Third Circuit, wherein that court held that there was no plain error in entering judgment against an individual for violating § 924(c)(1)(A) because he "possessed a firearm for the unlawful purpose of furthering his drug trafficking crimes, and courts have unanimously concluded that such conduct does not violate the Second Amendment."[20]

---

[17] *Id.* at *9.
[18] *See id.* at *1.
[19] *District of Columbia v. Heller*, 554 U.S. 570, 625 (2008).
[20] *United States v. Cash*, No. 22-2713, 2023 WL 6532644, at *4 (3d Cir. Oct. 6, 2023) (collecting cases).

And even if Dorsey's conduct fell within the scope of the Second Amendment, for the reasons discussed above, prohibiting the possession of firearms for use in furtherance of a drug trafficking offense is consonant with the history and traditions of firearm regulation within this Nation.[21] Dorsey's motion to dismiss Count Four therefore must likewise be denied.

Consequently, **IT IS HEREBY ORDERED** that Dorsey's motion to dismiss Counts Three and Four of the indictment (Doc. 69) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[21] *See also id.* at *4 n.9 (Schwartz, J., examining early American firearm regulations and concluding that "[t]hese laws and § 924(c) impose comparable burdens on the right to armed self-defense and are comparably justified").